**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 6 2015

IN THE UNITED STATES DISTRICT COURT JAMES W. McCORMACK, CLERK
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

By:_____ DEP CLERK

TRI-STATE MANAGEMENT CORP.                          PLAINTIFF

vs.                    No. 5:15-cv-199-JLH

UNITED STATES DEPARTMENT OF
AGRICULTURE/RURAL DEVELOPMENT;
JAMES PEACOCK; JACKYE PEACOCK
AND CHUBB CUSTOM INSURANCE CO.                      DEFENDANTS

## COMPLAINT IN INTERPLEADER

Tri-State Management Corp., by its counsel, The Barton Law
Firm, and for its Complaint in Interpleader, states:

1.    That Plaintiff is a corporation organized and existing
under the laws of the state of Arkansas with its principal place of
business being situated in Monticello, Drew County, Arkansas.

2.    That the United States Department of Agriculture, acting
through its Rural Development division, is a department and agency
of the United States of America (herein "USDA/RD").

3.    That James Peacock is an adult resident of McCrory,
Woodruff County, Arkansas.

4.    That Jackye Peacock is an adult resident of McCrory,
Woodruff County, Arkansas.

5.    That Chubb Custom Insurance Co. is an insurance
corporation authorized to do business in the state of Arkansas
(herein "Chubb").

6.    That this court has jurisdiction over the parties hereto

[1] This case assigned to District Judge _Holmes_
and to Magistrate Judge _Ray_

and the subject matter hereof.

7.    That the separate defendants James Peacock and Jackye Peacock are the owners of an apartment complex situated in McCrory, Arkansas, known as "Sands Apartments".

8.    That USDA/RD is a mortgage lender to Sands Apartments and the apartments are operated under the section 515 program of USDA/RD.

9.    That prior to February 2014, Plaintiff was the management company for Sands Apartments.

10.    That Chubb was the insurance provider for the apartments.

11.    That on or about May 11, 2011, Sands Apartments suffered losses due to storms and wind damage, which gave rise for the need to replace the roof on the facility.

12.    That Plaintiff solicited bids to remove the old roof, properly dispose of the material from the old roof, and to replace the old roof with a new roof.  Third-party bids were obtained and the favorable bid was $29,128.00.

13.    That Chubb approved the repair in the amount of the favorable bid and forwarded to Plaintiff, as the management company for Sands, the sum of $29,128.00.

14.    That the separate defendants Peacock objected to the bid and obtained their own bid in the amount of $18,999.50.  This was accepted by the owner and by the USDA/RD official working the case, Tamara Oliver, a district loan technician in the Forrest City,

2

Arkansas office of USDA/RD.  The job was completed and paid for by Plaintiff.  Plaintiff continues to hold the sum of $10,129.50 in excess monies paid to it by Chubb.

15.  That upon inspection by Plaintiff, as management company for Sands Apartments and USDA/RD, the roof was not properly done and does not meet reasonable standards of workmanship and was done in violation of USDA/RD rules and regulations.  The project was not reviewed or approved by the state USDA/RD architect or other licensed professional.  Among the existing problems are that the metal roof was applied directly to the old roof without either removing and properly disposing of the old roof or properly bracing the underlying roof before the installation of the new metal roof.

16.  That on or about March 3, 2010, there was a fire in one unit of Sands Apartments that required repair.  Plaintiff, acting as management company, submitted a report, an application to Chubb and Chubb paid to the management company the sum of $67,281.39.

17.  That bids were submitted and paid for in the amount of $59,995.00 and the repair job completed.

18.  That the sum of $7,286.39 is being held by Plaintiff in the reserve account for Sands Apartments.  The separate defendants Peacock are demanding this money.  $5,638.00 was paid from the general operating account for repair bills early on in the restoration project, instead of from the pool of funds provided by the insurance company.  That sum of $5,638.00 that was paid from

3

the general operating account should be refunded, leaving $1,648.39 surplus.

19.   That the separate defendants Peacock are demanding the sum of $7,286.39 from Plaintiff from the roof repair and $17,415.89 in the aggregate.

20.   That as those sums represent surplus from insurance monies paid in good faith by Chubb, Chubb has a claim for said funds as well.

21.   That HB-2-3560, Chapter 3, Paragraph 3.17 of USDA/RD rules and regulations provides that if a balance in insurance proceeds remains after all repairs, replacements and other authorized disbursements have been made, insurance proceeds are to be applied in one of the following particulars:

- To prior liens;

- As an extra payment to the borrower's loan account;

- To the borrower's reserve account; or

- To make other capital improvements to the property as approved by the loan servicer.

Wherefore, Tri-State Management Corp. moves the Court to order the disposition of these funds, either by paying them into the registry of the court or by holding them subject to orders of the court; that it be dismissed from any liability to the parties to this action, except as to the necessity to follow the orders of this court relative to the disposition of such funds, and for all

4

further and lawful relief to which it is entitled, it will ever pray.

The Barton Law Firm
P.O. Box 507
Monticello, AR 71657
(870) 367-6288

By: _____
Whit Barton (79010)