IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TRI-STATE MANAGEMENT CORP.                          PLAINTIFF

  vs.     No. 5:15-CV-199

UNITED STATES DEPARTMENT OF
AGRICULTURE/RURAL DEVELOPMENT;
JAMES PEACOCK; JACKYE PEACOCK
AND CHUBB CUSTOM INSURANCE CO.                      DEFENDANTS

## INTERPLEADER ORDER

Upon stipulation of the parties, comes on for hearing that certain Complaint in Interpleader filed herein on behalf of Plaintiff.   The matter is presented to the Court upon the following, to wit:

1.   Complaint in Interpleader filed herein on June 16, 2015;

2.   Separate Answer of Chubb Custom filed herein on July 13, 2015;

3.   Answer of the United States of America, U.S. Department of Agriculture, Rural Development filed herein on September 9, 2015;

4.   Answer to Complaint in Interpleader of James Peacock and Jackye Peacock filed herein on August 24, 2015;

5.   The stipulation of counsel for all parties as evidenced by this precedent.

It is, by the Court, found and determined as follows, to wit:

1.   That Plaintiff is a corporation organized and existing under the laws of the state of Arkansas with its principal place of

business being situated in Monticello, Drew County, Arkansas.

2.   That the United States Department of Agriculture, acting through its Rural Development division, is a department and agency of the United States of America (herein "USDA/RD").

3.   That James Peacock is an adult resident of McCrory, Woodruff County, Arkansas.

4.   That Jackye Peacock is an adult resident of McCrory, Woodruff County, Arkansas.

5.   That Chubb Custom Insurance Co. is an insurance corporation authorized to do business in the state of Arkansas (herein "Chubb").

6.   That this court has jurisdiction over the parties hereto and the subject matter hereof.

7.   That the separate defendants James Peacock and Jackye Peacock are the owners of an apartment complex situated in McCrory, Arkansas, known as "Sands Apartments".

8.   That USDA/RD is a mortgage lender to Sands Apartments and the apartments are operated under the section 515 program of USDA/RD.

9.   That prior to February 2014, Plaintiff was the management company for Sands Apartments.

10.  That Chubb was the insurance provider for the apartments.

11.  That on or about May 11, 2011, Sands Apartments suffered losses due to storms and wind damage, which gave rise for the need

2

to replace the roof on the facility.

12.   That Plaintiff solicited bids to remove the old roof, properly dispose of the material from the old roof, and to replace the old roof with a new roof.   Third-party bids were obtained and the favorable bid was $29,128.00.

13.   That Chubb approved the repair in the amount of the favorable bid and forwarded to Plaintiff, as the management company for Sands, the sum of $29,128.00.

14.   That the separate defendants Peacock objected to the bid and obtained their own bid in the amount of $18,999.50.   This was accepted by the owner and by the USDA/RD official working the case, Tamara Oliver, a district loan technician in the Forrest City, Arkansas office of USDA/RD.   The job was completed and paid for by Plaintiff.   Plaintiff continues to hold the sum of $10,129.50 in excess monies paid to it by Chubb.

15.   That upon inspection by Plaintiff, as management company for Sands Apartments, the roof was not properly done and does not meet reasonable standards of workmanship.   Among the existing problems are that the metal roof was applied directly to the old roof without either removing and properly disposing of the old roof or properly bracing the underlying roof before the installation of the new metal roof.

16.   That on or about March 3, 2010, there was a fire in one unit of Sands Apartments that required repair.   Plaintiff, acting

3

as management company, submitted a report, an application to Chubb and Chubb paid to the management company the sum of $67,281.39.

17.   That bids were submitted and paid for in the amount of $59,995.00 and the repair job completed.

18.   That the sum of $7,286.39 is being held by Plaintiff in the reserve account for Sands Apartments. The separate defendants Peacock are demanding this money. $5,638.00 was paid from the general operating account for repair bills early on in the restoration project, instead of from the pool of funds provided by the insurance company. That sum of $5,638.00 that was paid from the general operating account should be refunded, leaving $1,648.39 surplus.

19.   That the separate defendants Peacock are demanding the sum of $7,286.39 from Plaintiff from the roof repair and $17,415.89 in the aggregate.

20.   That as those sums represent surplus from insurance monies paid in good faith by Chubb, Chubb has a potential claim for said funds as well.

21.   That HB-2-3560, Chapter 3, Paragraph 3.17 of USDA/RD rules and regulations provides that if a balance in insurance proceeds remains after all repairs, replacements and other authorized disbursements have been made, insurance proceeds are to be applied in one of the following particulars:

- To prior liens;

4

- As an extra payment to the borrower's loan account;

- To the borrower's reserve account; or

- To make other capital improvements to the property as approved by the loan servicer.

22.   The funds which are the subject of this interpleader action have been paid by defendant Chubb Custom Insurance Company.

23.   None of the parties to this action claim or contend that Chubb Custom Insurance Company owes any additional funds related to the property damage claims giving rise to this interpleader action.

24.   Chubb Custom Insurance Company does not seek a refund or reimbursement of any of the funds it has paid which are the subject of this interpleader action.

25.   Accordingly, the parties agree and stipulate that there are no claims or causes to be asserted against the defendant Chubb Custom Insurance Company in this interpleader action.

It is, by the Court, considered ordered and adjudged as follows, to wit:

1.   That Chubb Custom Insurance Co. has agreed that there are no claims or causes to be asserted by the separate defendant Chubb Custom Insurance Company.   Therefore, Chubb Custom Insurance Company has been hereby dismissed with prejudice from this litigation.

2.   That Plaintiff be and the same is hereby ordered and directed to pay the sum of $5,638.00 to the current management

agent, ASC Property Management, for deposit in the general operating bank account of Sands Apartments.

3.    That Plaintiff be and the same is hereby ordered and directed to pay the sum of $11,777.89 to ASC Property Management, for deposit in the supervised reserve bank account of Sands Apartments.

4.  Upon counsel for Plaintiff filing his report herein, that said sum of $5,638.00 has been paid to ASC Property Management for the benefit of the general operating account of Sands Apartments and the sum of $11,777.89 having been paid to ASC Property Management for the benefit of the supervised reserve account of Sands Apartments, the Court will enter its final order and Plaintiff will be relieved further liability regarding the sums so paid, and this matter will then be concluded.

Rendered and ordered to be recorded this /9ᵗʰ day of _____, 2016.

J. Leon Holmes
United States District Judge

6

APPROVED AS TO FORM AND SUBSTANCE:

The Barton Law Firm
P.O. Box 507
Monticello, AR 71657
(870) 367-6288
E-Mail: wbarton@bartonlawfirmar.com


By: _____
    Walter Whit Barton (79010)
    Attorneys for Plaintiff
    Tri-State Management Corp.

7

Christopher R. Thyer
United Sates Attorney
Eastern District of Arkansas
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2626
E-Mail: richard.pence@usdoj.gov


By: _____
    Richard M. Pence, Jr. (69059)
    Attorneys for Defendant
    Department of Agriculture

8

John Bell
Attorney at Law
P.O. Box 599
McCrory, AR 72101
(870) 781-2547
E-Mail: john.bell.lawoffice@gmail.com

By: _____
    John Bell (95139
    Attorney for Defendants
    James Peacock and Jackye Peacock

9